IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STIKI, LLC, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| STICKY BUSINESS LLC, | ) ) |
|     Defendant. | ) ) |
| | )    JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Stiki, LLC ("Plaintiff" or "Stiki"), by and through its attorneys, Offices of Catherine Simmons-Gill, LLC, complains against defendant, Sticky Business LLC ("Defendant" or "Sticky Business"), as follows:

**PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 1641 Worthington Road, West Palm Beach, Florida 33409.

2. Defendant is, on information and belief, a corporation formerly organized and existing under the laws of the State of Nevada and formerly listing a place of business at 9811 W. Charleston Blvd., Suite 2-776 Las Vegas, Nevada 89117, and is in the process of transferring its state of organization to California.

3. Defendant has recorded with the Secretary of State of Nevada a change of address for service of process to: Attn: Michael E. Pfau c/o Reicker, Pfau, Pyle & McRoy, 1421 State Street, Ste B, Santa Barbara, CA 93101.

1

## JURISDICTION AND VENUE

4. This is a suit for Declaratory Judgment of invalidity and non-infringement with respect to a group of United States trademarks. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) because this action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. On May 14, 2014, Defendant, by counsel, transmitted a cease and desist letter to plaintiff's counsel, whose offices are located in this judicial district. A copy of that letter is attached to this complaint as **Exhibit A**. This Court has personal jurisdiction over the defendant because it holds itself out as offering services for sale in this district and because, by transmitting its demand letter to plaintiff's counsel also in this jurisdiction, it submitted to the jurisdiction where it knew the transmission would be received.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c)(2) because the defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

## FACTUAL BACKGROUND

**A. Plaintiff's Mark**

7. Plaintiff owns the STIKI mark and a United States Trademark Registration No. 4,497,077 therefor, which covers its STIKI design and word mark for use in connection with the following services: "[t]elecommunications services, namely, providing short message codes for text messaging for use in promotions, advertising and signage" ("STIKI Mark"). The official drawing of the STIKI Mark is reproduced below.



8. Plaintiff filed its application for its STIKI mark on March 1, 2013, asserting first use at least as early as November 1, 2012. A copy of the current USPTO record of this registration is attached to this complaint as **Exhibit B**.

9. Plaintiff has expended considerable time, resources and effort in developing and promoting the STIKI Mark, and as a result the mark has developed significant goodwill in the niche market for text-message-based promotional services.

10. Plaintiff's services are offered and directed, not at businesses' or consumers' use of the Internet, but at businesses that use direct mail, television and/or radio advertising, billboards, and or print advertisements and seek to offer consumers a TEXT method of response as an alternative to calling a toll free telephone numbers or searching for or entering an internet website address (aka URL).

**B. Defendant's Marks**

11. Defendant claims to own United States Trademark Registration Nos. 4,321,519, 4,321,518, 4,328,806, and 4,328,807 ("Sticky Business Registrations"), and pending applications with Serial Nos. 85,972,706, and 86,099,535 ("Sticky Business Applications")(collectively, the "Sticky Business Marks"). All of these marks incorporate the word "Sticky" for use in connection with varying computer or internet-enabled goods and services for use by businesses in their on-line, internet-based marketing. Copies of the current USPTO records of these registrations are attached to this complaint as **Exhibit C**.

12. All of Defendant's numerous listed services in its multiple registrations and applications are directed at businesses seeking to purvey their goods or services via the Internet.

13. None of the registrations or applications of Defendant is directed at marketing and advertising efforts of business outside of the Internet nor do any of the registrations or applications of Defendant assert or purport to assert any involvement with or the provision of SMS "texting" services or the provision of short code addresses that are easy for consumers to remember and "text" to.

14. On information and belief, there are at least 230 live registrations and applications in the USPTO database also incorporating the word "sticky" or a variant.

15. Plaintiff is the only individual or entity with an USPTO application or registration for "STIKI."

16. After review of the federal register of trademarks for potential confusingly similar prior applications and registrations, the United States Patent and Trademark Office did not find any confusing similarity between Defendant's marks and that of Plaintiff.

17. Defendant has asserted the Sticky Business Marks against Plaintiff and the customers of plaintiff, creating a justiciable controversy which is a cloud upon Plaintiff's business and which will interfere with and will harm Plaintiff's business.

18. On information and belief, the Sticky Registrations are invalid pursuant to 15 U.S.C. § 1064(3) because Sticky was not using the marks in commerce for all of the services listed in its Sticky Registrations at the time of its applications and/or statements of use, and is not currently using the marks in commerce for all of the services listed in its Sticky Business Registrations, and therefore obtained the Sticky Business Registrations in part by fraud within the meaning of that statute.

19. In addition, because there is no likelihood of confusion between the "Sticky" Marks and Plaintiff's STIKI Mark, the Sticky Business Marks are not infringed by any act of Plaintiff or its customers.

**C. Defendant's Threat of Litigation**

20. In its May 14, 2014 letter (Exhibit A), Defendant alleges that Plaintiff's use of the STIKI Mark is likely to cause confusion as to the source of the parties' goods and services.

21. Defendant further alleges that the "presence" of both parties at the recent Response Expo tradeshow in San Diego led to actual confusion or increased the likelihood of confusion or demonstrates that the parties "provide marketing tools to an overlapping and sophisticated customer basis."

22. At the Response Expo, Plaintiff, among other things, co-sponsored the event, purchased a print advertisement in the show-guide, sponsored a golf hole, sponsored a contest; purchased a booth, and provided text-message updates to registrants who opted into that service by SMS "texting" the word "Response" to TODAY (86329).

23. On information and belief, Defendant's company did not sponsor any portion of the Response Expo, did not have a visible presence or booth at the Response Expo, nor was any person listed as an attendee at the Response Expo from "Sticky Business LLC."

24. Defendant was not listed as sponsor or booth purchasers at the Response Expos held in prior years.

25. On pages 3 and 4 of its letter, Defendant demands that Plaintiff cease all use of the STIKI Mark or any similar mark, and states that without written assurance of Plaintiff's accession to this course of action, it will file a lawsuit asserting at least five causes of action.

26. Plaintiff would sustain significant harm and/or damage if required to cease use of its

STIKI Mark. Such harm and/or damage includes, without limitation, the loss of good will associated with the STIKI Mark, and the expenditure of significant time, money, and resources to develop, implement, and acquire goodwill and secondary meaning associated with the mark.

27. Based on Defendant's allegations and threats contained in its May 14, 2014 letter, Plaintiff has a reasonable apprehension of litigation. Specifically, and without limitation, Plaintiff has a reasonable apprehension Defendant will commence a suit against Plaintiff for, without limitation, alleged trademark infringement, false designation of origin, false advertising, deceptive trade practices, and unfair competition.

28. The dispute between Plaintiff and Defendant is definite and concrete, real and substantial, and touches upon the legal relations of parties having adverse legal interests. This substantial controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, a case or controversy exists under 28 U.S.C. § 2201.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Stiki, LLC, prays;

A. For a declaration and judgment that Stiki, LLC has not at any time infringed the Sticky Business Marks, and that it is the right of Plaintiff and its customers to continue their business without any further action, threat or interference of any kind or nature by Sticky Business LLC, or anyone claiming through or under Defendant on account of said trademarks because the marks of the parties are not confusingly similar;

B. For an injunction preliminarily and permanently restraining and enjoining Defendant from asserting, threatening or otherwise relying upon the Sticky Registrations as against Plaintiff or its customers;

C. For a declaration and judgment that United States Trademark Registration Nos.

4,321,519, 4,321,518, 4,328,806, and 4,328,807 are wholly or partially invalid and void and unenforceable

    D.    For Plaintiff's costs of this suit;

    E.    That this is an extraordinary case justifying a grant to plaintiff of its reasonable attorneys' fees; and

    F.    For such other and further relief as this Court may deem just and proper.

**STIKI, LLC,**
Plaintiff

/s/ Catherine Simmons-Gill
One of Its Attorneys

Catherine Simmons-Gill ARDC # 2159058
Ross M. Drath ARDC # 6312707
Offices of Catherine Simmons-Gill, LLC
111 West Washington Street
Suite 1051
Chicago, IL 60602
312 609 6611
simmonsgill@gmail.com